J-S13044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DARRYL PITTS | |
| Appellant | No. 2521 EDA 2024 |

Appeal from the Order Entered August 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1206141-1997

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED APRIL 28, 2026**

Appellant, Darryl Pitts, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> On June 16, 1999, following a three-day jury trial, a jury found [A]ppellant guilty of two counts of burglary, two counts of theft by unlawful taking and one count of robbery. After sentencing was deferred, [t]he [t]rial [c]ourt sentenced Appellant to an aggregate term of incarceration of forty to eighty years on October 22, 1999.  On October 27, 1999, the original sentences were vacated and Appellant was sentenced to an aggregate term of thirty to sixty years[, which included a mandatory minimum sentence of 25 to 50 years] pursuant to 42 Pa.C.S. § 9714 as Appellant had two prior first-degree felony burglary convictions[,] and five to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

ten years of it was a consecutive sentence imposed for the robbery charge. On [November] 6, 2000 this sentencing was confirmed on direct appeal, *Commonwealth v. Pitts*, [768 A.2d 886 (Pa.Super. 2000) (unpublished memorandum)]. Appellant's petition for allowance of appeal to the Supreme Court of [Pennsylvania] was denied [on April 16, 2001]. *Commonwealth v. Pitts*, [565 Pa. 668, 775 A.2d 805 (2001)].

\* \* \*

… Appellant filed his first, timely PCRA [p]etition, on May 30, [2001.] PCRA counsel filed a no merit … letter concluding [the] petition was wholly frivolous, which the [c]ourt agreed. [The petition was] dismissed on January 28, 2002[.]

Subsequent to dismissal, Appellant filed an appeal. The Superior Court remanded the case, finding counsel's [no-merit] letter did not sufficiently address all of [A]ppellant's issues. (Those additional issues were whether trial counsel had picked a biased jury and whether Appellant's subsequent attorneys had been ineffective for not raising that claim). [*See Commonwealth v. Pitts*, No. 552 EDA 2002 (Pa.Super. filed Nov. 14, 2002) (unpublished memorandum)]. Shortly after remand, an amended PCRA petition was filed addressing [the] alleged jury bias.

On April 7, 2004, after an independent review of the record, the PCRA [c]ourt…notified Appellant of its intent to dismiss the petition, which [it] did on May 7, 2004. On June 4, Appellant appealed the dismissal of his amended PCRA. On August 25, 2005, the dismissal was affirmed. [*Commonwealth*] *v. Pitts*, 884 A.2d 251 (Pa.Super. 2005). On May 31, 2006, Appellant's petition for allowance of appeal was denied, [*Commonwealth*] *v. Pitts*, [587 Pa. 722, 899 A.2d 1123 (2006)].

On June 11, 2013, Appellant filed his second PCRA petition *pro se*. By order dated June 2, 2014, [t]he [c]ourt dismissed Appellant's [petition] as untimely. On February 25, 2015, the dismissal was affirmed. [*Commonwealth*] *v. Pitts*, 1895 EDA 2014 (Pa.Super. 2015).

On August 13, 201[5], Appellant filed his third PCRA petition *pro se*. This petition was also dismissed as untimely on September 29, 2015. Appellant did not appeal the dismissal.

On March 23, 2016, Appellant filed his fourth PCRA petition. This was also denied on June [21], 2016. Appellant appealed the decision[, …]which was affirmed by the Superior Court [on April 4, 2017. **See Commonwealth v. Pitts**, 169 A.3d 1134 (Pa.Super. 2017) (unpublished memorandum)].

On September 7, 2021, Appellant filed his fifth [instant] PCRA [petition]. This was denied by [t]his [c]ourt on August [15], 2024. Appellant then appealed to the Superior Court on [September 12,] 2024. [No Pa.R.A.P. 1925(b) statement was ordered or filed.]

(PCRA Court Opinion, filed 9/11/25, at 1-2) (some reformatting provided).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Further, a petitioner must raise his proffered exception within the statutory window. **See** 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on July 15, 2001, ninety days after the Pennsylvania Supreme Court denied his allowance

of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had one year thereafter to file a timely petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant's current petition filed on September 7, 2021, is patently untimely. *See id.*

Appellant now attempts to invoke the "governmental interference" exception to the PCRA time-bar under Section 9545(b)(1)(i) (providing that failure to raise claim previously was result of interference by governmental officials with presentation of claim in violation of Constitution or laws of this Commonwealth or Constitution or laws of United States). Specifically, Appellant claims he was prohibited from challenging the purported illegality of his mandatory minimum sentence earlier because the PCRA court had failed to address this claim upon remand from this Court in connection with his first PCRA petition. Nevertheless, the PCRA court's alleged failure to address this claim did not interfere with Appellant's ability to raise it on appeal from the denial of his first PCRA petition. Moreover, Appellant has filed multiple PCRA petitions since that time. Thus, Appellant has known of the alleged "governmental interference" for many years and did not timely raise this claim. *See* 42 Pa.C.S.A. § 9545(b)(1-2). As such, Appellant's current filing is time-barred.[2] *See Turner, supra*. Accordingly, we affirm.

Order affirmed.

---

[2] To the extent the PCRA court may have failed to issue Pa.R.Crim.P. 907 notice prior to dismissing the current petition, the failure to do so does not constitute reversible error. *See Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa.Super. 2016).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2026